**Slip. Op. 99 – 51**

# UNITED STATES COURT OF INTERNATIONAL TRADE

## BEFORE:  RICHARD W. GOLDBERG, JUDGE

| | |
|---|---|
| MICRON TECHNOLOGY, INC.,<br><br>          Plaintiff,<br><br>     v.<br><br>THE UNITED STATES,<br><br>          Defendant,<br><br>     and<br><br>LG SEMICON CO., LTD., and<br>LG SEMICON AMERICA, INC.,<br><br>          Defendant-Intervenors. | Court No. 96-06-01529 |

[Remand Results of the U.S. Department of Commerce remanded.]

Dated: June 16, 1999

     Hale & Dorr, LLP (Gilbert B. Kaplan, Michael D. Esch, Paul W. Jameson, and Cris R. Revaz), for plaintiff Micron Technology, Inc.

     David W. Ogden, Acting Assistant Attorney General; David M. Cohen, Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (Velta A. Melnbrencis); Office of the Chief Counsel for Import Administration, United States Department of Commerce (Patrick V. Gallagher, Jr.), of counsel, for defendant.

Kaye, Scholer, Fierman, Hays & Handler, LLP (Michael P. House and Raymond Paretzky), for defendant-intervenors LG Semicon Co., and LG Semicon America, Inc.

**MEMORANDUM OPINION & ORDER**

**GOLDBERG, Judge:** The Court reviews the Department of Commerce's ("Commerce") Final Results of Redetermination Pursuant to Court Remand (Mar. 31, 1999) ("Remand Results"),[1] filed with the Court in accordance with its opinion and order in Micron Technology, Inc. v. United States, No. 99-12 (CIT Jan. 28, 1999).[2]  The Court found in Micron that it was unclear whether Commerce used the same methodology to calculate total R&D expenses for LG Semicon Co., and LG Semicon America, Inc. (collectively, "LG Semicon"), as it used to calculate purchased R&D expenses.  Therefore, the Court remanded in part, with instructions that Commerce articulate "the precise methodology it . . . used to calculate total R&D expenses."  Micron, No. 99-12, slip op. at 10-11 (CIT Jan. 28, 1999).  Importantly, when crafting its remand instruction, the Court cautioned that "Commerce should ensure that its clarified methodology is non-distortive and that it

---

[1] See Remand Redeterminations (visited June 8, 1999) <http://www.ita.doc.gov/import_admin/records/remand.html>.

[2] Familiarity with the Court's earlier opinion is presumed.

accurately and reasonably reflects costs.  In particular, the Court notes that if Commerce continues to base its total R&D figure on those costs expensed in 1993, it should refrain from including in this figure those R&D costs expensed in 1993, yet incurred prior to 1993.  Basing the total R&D figure on costs actually incurred and expensed in 1993 plus costs expensed in 1993, yet incurred prior to 1993 conflates the amortizing and expensing methodologies and is plainly distortive.  It effectively results in double counting and, as such, should be rejected."  Id., slip op. at 11 (CIT Jan. 28, 1999).

On remand, Commerce clarified its methodology for calculating R&D expenses and recalculated LG Semicon's dumping margin in accordance with this methodology.  As a result, LG Semicon's margin remained at 0.00% for the first review period.  Substantively, however, Commerce ignored the Court's remand instruction.  In its revised total R&D figure, Commerce included R&D costs actually incurred and expensed in 1993 and R&D costs expensed in 1993, though incurred and amortized prior to 1993.  Commerce is wrong.

The court will sustain Commerce's remand determination if it is supported by substantial evidence on the record and is

otherwise in accordance with law.  See 19 U.S.C. § 1516a(b)(1)(B) (1994).

As the Court plainly emphasized in Micron, it is distortive and, indeed, punitive to base LG Semicon's total R&D figure on those costs that were expensed and incurred in 1993 plus those costs that were expensed in 1993, though incurred prior to 1993. This approach "effectively results in double counting" costs incurred by LG Semicon.  Micron, No. 99-12, slip op. at 11 (CIT Jan. 28, 1999) (emphasis added).

Commerce maintains its approach does not result in double counting because Commerce "has never before included these particular R&D expenses [i.e., those expensed in 1993, yet incurred prior to that year] in [LG Semicon's] costs."  Remand Results, at 5.  Commerce is literally correct in that under its proposed methodology, the same expenses are not double counted, but this hyper-technical analysis misses the point.  Commerce has taken a fully inclusive set of current period costs and lumped on a set of prior period costs.  And, importantly, the prior period costs constitute a substantial portion of the total revised R&D figure because the remainder of amortized costs were expensed in full in 1993 due to an accounting change.  Indeed, Commerce

acknowledges that by adding the prior period costs "[t]his appreciably increases total R&D expenses."  Remand Results, at 6. The Court's review of the confidential Remand Results confirms this statement to be absolutely true.  The increase in total R&D, resulting from the shift in methodology, is significant.  On the facts of this case, the Court continues to find that by combining the costs that were currently expensed and the costs that were amortized, though expensed in full due to the accounting change, Commerce in effect double counted LG Semicon's total R&D costs. Commerce's approach distorts LG Semicon's total R&D beyond what might be considered historically accurate for a given period of time and, hence, does not remotely, much less reasonably, reflect the company's actual costs of production.

Commerce's principal concern in adopting the methodology used in the Remand Results appears to be that if previously incurred amounts are not included in the total R&D figure here, they will never be included in any review.  This is a red herring.  Many past expenses, including past production costs, might not be captured in any given review.  To validate Commerce's reasoning would allow the agency to include past expenses simply because they were not captured in a previous

review or investigation.  The object of the cost of production exercise is not to capture all past expenses, but rather those expenses that reasonably and accurately reflect a respondent's actual production costs for a period of review.

In the Remand Results, Commerce also expresses its concern that if it were to follow the Court's instruction, LG Semicon might again switch its accounting procedures to achieve favorable treatment for antidumping purposes.  Commerce's concern in this regard is overstated.  It makes little, if any, business sense to switch accounting systems on an annual basis; the Court is skeptical that a company might engage in such practice solely to ensure that more beneficial dumping calculations might inure.

Finally, plaintiff Micron argues that the revised methodology should be sustained because to do otherwise would result in an approach inconsistent with the methodology used to calculate purchased R&D.  The Court does not agree.  Review of the record shows that all of the purchased R&D LG Semicon expensed in 1993 was also incurred in 1993.  See Remand Results, at 4 n.1; see also Micron, No. 99-12, slip op. at 10 n.3 (CIT Jan. 28, 1999).

To remedy Commerce's error, LG Semicon urges the Court to

vacate the <u>Remand Results</u> and, instead, to reinstate and sustain the <u>Notice of Final Results of AD Administrative Review: DRAMs from the Republic of Korea</u>, 61 Fed. Reg. 20,216 (May 6, 1996). The Court recognizes that additional delay will result from a further remand and sympathizes with LG Semicon's frustration on this issue.  Commerce's decision on remand has wasted the Court's time as well as that of the litigants.  But, the proper course of action is to have the agency rectify its error in an expedited fashion.  Therefore, Commerce shall conduct its second remand according to the following Order.

Upon consideration of Commerce's <u>Remand Results</u>, and the comments filed by parties to this action, upon all other papers and proceedings had herein, and upon due deliberation; it is hereby

**ORDERED** that the <u>Remand Results</u> are remanded to Commerce, which should revise its total R&D methodology to exclude R&D costs that were incurred prior to 1993, yet expensed in 1993 and, if necessary, recalculate the margin for LG Semicon;

**ORDERED** that Commerce shall file its Remand Results with the Clerk of the Court within thirty (30) days from the date of this Order.  Any comments or responses by the parties to the Remand

Results are due on or before five (5) days thereafter, and shall be limited to fifteen (15) pages.  Any rebuttal comments are due on or before five (5) days thereafter, and shall again be limited to fifteen (15) pages; and it is further

ORDERED that no extensions of time to this schedule will be granted.

_____
                              Richard W. Goldberg
                              JUDGE

Dated:    June 16, 1999
          New York, New York.